IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Miami Division

MARC COOPERMAN,

    Plaintiff,

vs.

SCOTT MOSKOWITZ, THE DICE
COMPANY and BLUE SPIKE
COMPANY,

    Defendants.

_____/



## VERIFIED COMPLAINT

Plaintiff Marc Cooperman ("Cooperman"), an individual, sues Defendants Scott Moskowitz ("Moskowitz"), an individual, The DICE Company ("DICE"), a Delaware corporation, and Blue Spike Company ("BLUE SPIKE"), a Florida corporation, and alleges:

### Nature of the Case

1.    This is an action for damages and equitable relief resulting from the defendants' unauthorized exploitation of intellectual property, including water-marking software developed by the plaintiff. Here the plaintiff requests the imposition of a constructive trust, an accounting and payment over to plaintiff of the earnings and profits of the defendants, and damages for usurpation of a corporate opportunity as a result of this unauthorized exploitation.

### Jurisdiction and Parties

2.    Plaintiff Cooperman, is an individual citizen of the State of New Jersey residing in Maplewood, New Jersey.

3.     Defendant Moskowitz is an individual citizen of the State of Florida, residing in North Miami Beach, Florida.

4.     Defendant DICE is a corporation organized and operating under the laws of Delaware, with it principal place of business in North Miami Beach, Florida.

5.     Defendant BLUE SPIKE is a corporation organized and operating under the laws of Florida, with its principal place of business in North Miami Beach, Florida.

6.     The amount in controversy is in excess of $75,000, exclusive of interest, costs and attorneys' fees.

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

## General Allegations

9.     All conditions precedent to the filing of this action have been performed, have occurred, or have been waived.

10.     Cooperman is an experienced, highly trained computer software engineer, who conceptualizes, creates, designs and documents computer theory, logic, software, programs and applications.  Moskowitz held himself out as a person experienced in venture capital opportunities and start-up businesses and a person competent and willing to assume responsibility for the business and financial aspects of a new company.

11.     In May, 1994, at Cooperman's request, Moskowitz formed DICE for, among other purposes, the creation of an apparatus for the distribution of digital information and a methodology for the organization, promotion, sales and distribution of such information over electronic networks.  A key component of their business plan was the development, marketing and eventual

2

sale of a water-marking software product that would prevent the unrestricted and free copying of music on the internet.

12.     Moskowitz was the President, Chief Executive Officer, and Chief Financial Officer of DICE, and Cooperman became the Vice-President of DICE.

13.     Moskowitz and Cooperman hold ownership shares in DICE of 75% and 25% respectively.

14.     Pursuant to the business arrangement between Moskowitz and Cooperman, Cooperman was to undertake and perform all technological and software developmental duties, including the design and development of a water-marking software which came to be known as Argent.  Moskowitz was to manage the business and financial aspects of DICE and market its various products.

15.     Their business arrangement required that DICE would own the rights to an array of current and future patent applications, developed, owned or participated in by Cooperman and/or Moskowitz, including the water-marking software developed by Cooperman.

16.     Moskowitz and Cooperman also agreed that Cooperman would relocate temporarily from New Jersey to California on or about March 26, 1995, and would continue his development of software in California, while Moskowitz focused on marketing DICE products.

17.     Cooperman adhered to this agreement, relocated to California and completed the development of a water-marking software.  In addition to the functions the parties had agreed Cooperman would perform, he was required to engage in a number of additional activities and to expend substantial funds because of Moskowitz' failure to comply with his operational and funding obligations.

3

18.     Moskowitz failed to make any reasonable effort to promote or market the DICE products and failed entirely to operate or administer the corporate business as intended and required.  As a result of Moskowitz' inaction, DICE was prevented from accomplishing its corporate objectives in a manner sufficient to achieve commercial success.

19.     In the absence of the required business and operational support from Moskowitz, exacerbated by the refusal of Moskowitz to provide additional financial resources required to fund necessary activities, Cooperman was unable to single-handedly sustain the activities of DICE and was forced by these circumstances to return to New Jersey.

20.     Having obtained the valuable benefits of Cooperman's efforts and having then effectively forced Cooperman to defer any of his further DICE-related activities, Moskowitz then formed another company on his own called BLUE SPIKE, for the improper purpose of exploiting the DICE assets without Cooperman's knowledge or participation, depriving Cooperman of the benefits to which he was entitled pursuant to the DICE arrangement and Moskowitz' numerous undertakings.  Cooperman is informed and believes that Moskowitz has also operated through an entity known as Wisteria Trading for similar or related purposes.

21.     Neither Moskowitz, DICE, BLUE SPIKE nor Wisteria Trading has ever sought Cooperman's permission to market, sell, or otherwise exploit the DICE assets, including, in particular, the water-marking software developed by Cooperman.  Nor has Cooperman ever been compensated for his interest in those assets or for the exploitation of the products.

22.     Utilizing numerous outlets, including a series of internet promotions, Moskowitz has continuously marketed what appears to be the product of Cooperman's efforts for DICE and what appear to be the corporate assets of DICE resulting from Cooperman's efforts.

4

23.     Cooperman has, through counsel, attempted to communicate with Moskowitz and/or his counsel on a number of occasions for the purpose of obtaining his rightful share of the proceeds of Moskowitz' unlawful misappropriation of the DICE assets.  Moskowitz has refused to respond and has provided none of the information requested.

24.     Consequently, Cooperman has been required to retain the services of Steel Hector & Davis LLP to represent him in this matter.

### Count I - Constructive Trust
(against Moskowitz and BLUE SPIKE)

25.     Cooperman restates and realleges paragraphs 1 through 24 as if fully set forth herein.

26.     As partners in their common enterprise and joint shareholders in DICE, and because of the controlling business and financial functions undertaken by Moskowitz at the outset of the relationship, Moskowitz and Cooperman have a confidential and fiduciary relationship.

27.     In calculated and repeated breach of that confidential and fiduciary relationship, Moskowitz, through DICE and/or BLUE SPIKE, has wrongfully diverted or otherwise retained proceeds due and owing to Cooperman from the unauthorized exploitation of the DICE assets, including, in particular, the water-marking products developed by Cooperman and other related or derivative intellectual property, to the detriment of Cooperman and the benefit of the defendants.

28.     The defendants will be unjustly enriched if they are permitted to retain the diverted or otherwise retained proceeds, and in equity and good conscience the defendants should not be permitted to retain this benefit.

5

WHEREFORE, Cooperman respectfully requests the imposition of a constructive trust for the benefit of Cooperman upon the patents originally owned or assigned to, or which should have been assigned to DICE, and all reasonable derivatives or subsequent developments of those patents and relating to all DICE activities contemplated for or undertaken by DICE, including, in particular, the water-marking software developed by Cooperman as well as the proceeds or assets derived from the defendants' exploitation of the DICE assets, and requests such further relief as the Court deems just and proper.

### Count II - Demand for an Accounting
(against Moskowitz, DICE and BLUE SPIKE)

29.    Cooperman restates and realleges paragraphs 1 through 24 as if fully set forth herein.

30.    As partners in their common enterprise and joint shareholders in DICE, Moskowitz and Cooperman have a fiduciary relationship, and Moskowitz owes a fiduciary duty to Cooperman. Cooperman has, through counsel, attempted to communicate with Moskowitz and/or his counsel on a number of occasions for the purpose of obtaining his rightful share in the proceeds of Moskowitz' unlawful misappropriation of the DICE assets. Moskowitz has refused to respond and has provided none of the information requested.

31.    Moskowitz has had complete and unfettered access to and control over the financial and business records and business operations of DICE and BLUE SPIKE, and those financial and business records and business operations have not been subject to oversight by any disinterested director, officer or shareholder. To the contrary, without Cooperman's knowledge or consent, Moskowitz unilaterally and improperly revoked Cooperman's prior banking-related authorizations

6

and affirmatively excluded him from access to all information related to DICE and/or the development or exploitation of the DICE assets.

32.     Cooperman has not had access to DICE's, BLUE SPIKE's or Wisteria Trading's business records and has no way of independently analyzing, assessing or verifying the propriety of Moskowitz's financial and management activities in DICE, BLUE SPIKE or Wisteria Trading with respect to the exploitation of the DICE assets, including, in particular, the water-marking software Cooperman developed.

33.     Upon information and belief, the defendants have improperly kept all of the proceeds from the exploitation of the DICE assets and Cooperman's water-marking products.

34.     Cooperman has no adequate remedy at law.

35.     The business of marketing and selling internet products is ever-evolving and complex. The accounting records sought for DICE's, BLUE SPIKE's and Wisteria Trading's accounts are believed to reflect that complexity, and are fully controlled by Moskowitz.

36.     Cooperman has a right to a thorough and complete accounting from the defendants with regard to DICE, BLUE SPIKE and Wisteria Trading, including production of all financial records and statements.

WHEREFORE, Cooperman respectfully requests that this Court enter a judgment in favor of Cooperman, and order:

a.     Moskowitz to account for all of his activities as an officer and shareholder of DICE, BLUE SPIKE and Wisteria Trading, including an accounting of all revenues, earnings and profits by Moskowitz, DICE, BLUE SPIKE and Wisteria Trading resulting from the exploitation of DICE assets, including, in particular, the water-marking products;

7

b.      that all profits or compensation found to be due and owing to Cooperman be paid to him;

c.      that all appropriate ownership rights to DICE assets, including the water-marking software patents and any derivatives or extensions thereof, be allocated and awarded to Cooperman.

d.      that the Court award Cooperman pre-judgment and post-judgment interest;

e.      that the Court award Cooperman such other and further relief as this Court deems equitable and just.

## Count III - Usurpation of Corporate Opportunity
### (against Moskowitz)

37.     Cooperman restates and realleges paragraphs 1 through 24 as if fully set forth herein.

38.     This is a derivative claim for damages brought by Cooperman on behalf of DICE.

39.     Cooperman has attempted to communicate with Moskowitz both directly and through counsel on a number of occasions regarding the facts alleged herein in an attempt to resolve amicably this dispute and to obtain information to which he was clearly entitled.  Letters were sent on June 23, 1999, August 27, 1999, September 27, 1999 and October 12, 1999.  Those efforts were uniformly unsuccessful. There have been no meaningful responses whatsoever.  Any further attempt to obtain redress from Moskowitz in non-legal proceedings would clearly be futile.

40.     DICE had a business opportunity to profit from the exploitation of the patents, patent applications and other assets dedicated to, or which should have been dedicated to DICE, including, in particular, the water-marking software developed by Cooperman.

8

41.    The marketing and sale of these assets was the exclusive business purpose of DICE.

42.    Moskowitz obtained access to these assets solely as a consequence of his role with DICE and solely because of Cooperman's efforts and undertakings for the benefit of DICE.

43.    Rather than promote the sale, licensing or exploitation of the DICE assets as he was obligated and had agreed and undertaken to do, Moskowitz instead promoted and marketed these assets wrongfully and improperly through his company BLUE SPIKE and/or Wisteria Trading for his own personal benefit.  This effort continues to this day.

44.    Moskowitz and/or BLUE SPIKE or Wisteria Trading have retained all of the proceeds from the exploitation of the DICE assets.

45.    DICE has been damaged as a result of Moskowitz' diversion of profits from the DICE assets.

WHEREFORE, Cooperman respectfully requests an award of actual damages to DICE resulting from Moskowitz' usurpation of DICE's corporate opportunity, interest, attorneys' fees and reasonable expenses, and any such further relief as this Court may deem appropriate.

9

## Demand for Jury Trial

46.     Cooperman respectfully requests trial by jury on all issues so triable as a matter

of right.

DATED: January 7, 2000

Respectfully submitted,

STEEL HECTOR & DAVIS LLP
Attorneys for Plaintiff Cooperman
200 South Biscayne Blvd., Suite 4000
Miami, FL 33131-2398
Tel: (305) 577-2835
Fax: (305) 577-7001

BY: _____
       Alvin B. Davis, P.A.
       Florida Bar No. 218073
       Alison E. J. Bethel, Esq.
       Florida Bar No. 129439

## VERIFICATION

STATE OF NEW JERSEY      )
                         ) SS:
COUNTY OF _ESSEX___      )

I, MARC COOPERMAN, have personally appeared before the undersigned Notary

Public, and do on my oath depose and state that I have read the allegations of the foregoing

Verified Complaint and I hereby declare that they are true and correct.

_____
MARC COOPERMAN

The foregoing instrument was acknowledged before me this 10th day of January

2000
~~1999,~~ by Marc Cooperman, and he presented such proof of such verification by being personally

known to me or by providing _license_____ as identification, and he acknowledged

before me that he executed the same freely and voluntarily.

_____
Notary Public, State of New Jersey

EILEEN PISCATELLI
Notary Public of N.J.
My Commission Expires
11/17/2002

My Commission Expires:

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-0049

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MARC COOPERMAN

## DEFENDANTS

CIV - UNGARO BENAGES

SCOTT MOSKOWITZ, THE DICE COMPANY AND BLUE SPIKE COMPANY

MAGISTRATE JUDGE
BROWN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Miami Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A: Dade 1:00cv0049 UUB STB

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)   Alvin B. Davis, P.A., Steel Hector & Davis LLP, 200 South Biscayne Boulevard, Miami, FL 33131 (305) 577-2835

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| B☐ 152 Medicare Act | ☐ 340 Marine | | B☐ 650 Airline Regs | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **A LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | B☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. §1332(a) — Damages and equitable relief resulting from defendants' unauthorized exploitation of intellectual property.

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $
In excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   1.7.2000

SIGNATURE OF ATTORNEY OF RECORD   _Alvin B. D___

FOR OFFICE USE ONLY

$150.00   81.5102

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____